UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Case No. 0:17-cv-05276-MJD-LIB

Central Specialties, Inc.,                                      Plaintiff,

vs.

Jonathan Large,                                             Defendant.

## **ANSWER**

Defendant Jonathan Large, for his answer to plaintiff's complaint, states and alleges as follows:

I.

Defendant denies each and every claim, allegation, or contention of plaintiff's complaint unless hereinafter admitted or qualified.

II.

Defendant admits Paragraphs 6, 9, and 12 of plaintiff's complaint.

III.

Defendant is without sufficient information to form a belief as to the truthfulness of the allegations or to affirm or deny the allegations contained in Paragraphs 5, 7, 14, 16, 17, 27, 31, and 45 of plaintiff's complaint and therefore puts plaintiff to its strict proof thereon.

THAT DEFENDANT, FOR HIS AFFIRMATIVE DEFENSES, STATES AS FOLLOWS:

IV.

Defendant is entitled to the protections and limitations as well as the maximum liability protections afforded to him by Minnesota Statutes Chapter 466 and, in particular, Minnesota Statutes §466.04.

V.

Defendant alleges failure to state a claim upon which relief can be granted, assumption of the risk, contributory negligence, and illegality.

VI.

Defendant specifically asserts and incorporates by reference all affirmative defenses available pursuant to Rules 8, 9, and 12 of the Federal Rules of Civil Procedure pending completion of discovery.

VII.

Defendant alleges that plaintiff's allegations as to defendant's actions or inactions relate to matters for which defendant is entitled to statutory, discretionary, official, qualified, absolute, good faith, or any other type of common law or statutory immunity.

VIII.

Defendant alleges that plaintiff's complaint is groundless, based upon no facts constituting reasonable cause to believe that defendant has engaged in any legally actionable course of conduct and as such, constitutes an act of bad faith by plaintiff and its attorneys in violation of Minnesota Statutes §549.211, entitling defendant to costs, disbursements, reasonable attorney fees, and witness fees in this litigation from plaintiff,

and this allegation constitutes notice to plaintiff in compliance with the notice requirements of Minnesota Statutes §549.211.

IX.

Defendant alleges that because plaintiff's claim for relief under 42 U.S.C. §1983 is improper or barred pursuant to the affirmative defenses alleged, in particular, immunity, this Court lacks subject matter jurisdiction over plaintiff's remaining claims.

WHEREFORE, defendant demands judgment dismissing plaintiff's complaint and for an award of his attorney fees, costs, and disbursements and any further relief the Court deems appropriate.

PEMBERTON, SORLIE, RUFER & KERSHNER, P.L.L.P.

Date: January 10, 2018

**s/ Michael T. Rengel**
Michael T. Rengel, No. 169432
Attorneys for Defendant
110 North Mill Street
Fergus Falls, Minnesota 56537
Telephone: 218-736-5493
Fax: 218-736-3950
Email: m.rengel@pemlaw.com

MTR:RDF:sb
2017-3320
1/10/2018