# UNITED STATES DISTRICT COURT

# DISTRICT OF MINNESOTA

| | |
|---|---|
| **CENTRAL SPECIALTIES, INC.,** <br><br> Plaintiff, <br><br> v. <br><br> **JONATHAN LARGE and MAHNOMEN COUNTY,** <br><br> Defendants. | Case No.: 0:17-CV-05276-MJD-LIB <br><br> **AMENDED COMPLAINT** |

Plaintiff, Central Specialties, Inc., by and through its attorneys, for its complaint against Jonathan Large and Mahnomen County, states and alleges as follows:

## PRELIMINARY STATEMENT

1. Plaintiff brings this action against Mr. Large in his personal capacity pursuant to 42 U.S.C. § 1983 for his violations of Plaintiff's rights under the Fourth and Fourteenth Amendments to the United States Constitution, and also seeks recovery of damages resulting from his violations of state tort law.

2. Plaintiff brings this action against Mahnomen County as Mr. Large's employer pursuant to 42 U.S.C. § 1983 for Mr. Large's violations of Plaintiff's rights under the Fourth and Fourteenth Amendments to the United States Constitution, and also seeks recovery of damages resulting from the County's violations of state tort law.

**JURISDICTION AND VENUE**

3. This Court has original jurisdiction over this action, pursuant to 28 U.S.C. § 1331, because Plaintiff's claims arise under 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments to the United States Constitution.

4. This Court has supplemental jurisdiction over Plaintiff's state law claims, pursuant to 28 U.S.C. § 1367, because those claims form part of the same case or controversy as Plaintiff's federal claim.

5. Venue in this District is proper under 28 U.S.C. § 1391 because Mr. Large and the County reside in this District and the events giving rise to Plaintiff's claim occurred in this District.

**PARTIES**

6. Plaintiff Central Specialties, Inc. ("Central Specialties") is a Minnesota corporation with its principal place of business located in Alexandria, Minnesota. Central Specialties is a general contracting construction company.

7. Defendant Jonathan Large is a resident of Mahnomen, Minnesota. At all times relevant hereto, Mr. Large was employed as the County Highway Engineer for the County of Mahnomen.

8. Mahnomen County is a political subdivision of the state of Minnesota.

**STATEMENT OF FACTS**

9. As of July 2017, Plaintiff was engaged in a contractual relationship with the Minnesota Dept. of Transportation ("MnDOT") for road work on State

2

Highway 59. The contract required constant use of Plaintiffs trucks for hauling excavation, base, millings and bituminous mix. Mahnomen County Highway 10, 6 & 5 were the most efficient and cost-effective route for Plaintiff to use in the performance of its contract.

10. Central Specialties contacted Mr. Large and expressed its interest in utilizing a recently reconstructed portion of Mahnomen County Highway 10 south of Highway 5 as a route for Central Specialties' empty trucks.

11. Throughout the spring and early summer of 2017, that portion of Mahnomen County Highway 10 was posted as open to trucks up to 5 ton axle weight.

12. That section of Mahnomen County Highway 10 was open to public use, but Central Specialties, out of courtesy, communicated with Mr. Large in an attempt to avoid any potential conflict their usage might have had with any ongoing construction work.

13. In response to Plaintiff's attempt to coordinate their use of the road, Mr. Large indicated his preference that such use by Central Specialties not occur during times at which Knife River Corporation ("Knife River") was actively performing construction work on the road.

14. Central Specialties responded on Friday, July 14, 2017, indicating that it would begin sending its trucks on the route on Monday, July 17, 2017.

15. Mr. Large replied, stating that Central Specialties' should not use Mahnomen County Road 10 south of Highway 5 on Monday, July 17, 2017, because Knife River would be performing shoulder work on that day.

16. On the afternoon of Monday, July 17, 2017, after discovering that no construction was actively being performed and being assured by Knife River that no further construction was planned until Friday, Central Specialties started routing its empty trucks along that section of Mahnomen County Highway 10.

17. The road was open to traffic and Central Specialties' trucks met the posted 5 ton axle weight limitation.

18. At the time Central Specialties began using the road on Monday, July 17, 2017, it verified that the road was still posted as being usable by trucks with a 5 ton axle weight or less.

19. The next day, Tuesday, July 18, 2017, Central Specialties again began using the road for its empty trucks.

20. On July 18, 2017, Mr. Large appeared before the Mahnomen County Board and asked for permission to repost weight limits on roads associated with the Highway 59 project. The Board granted Mr. Large's request.

21. That same day, after learning that Central Specialties had begun using the road, Mr. Large, and/or County employees under his direction, began changing signs on Mahnomen County Highway 10 south of Highway 5. The new signs drastically lowered the road's weight limitation from 5 ton axle weight to 5 ton total weight.

006669\098\4990694.v1

22. Shortly after Central Specialties began using the road on July 18, 2017, and as signs were still being changed, Mr. Large created a roadblock on northbound Mahnomen County Highway 10 south of Highway 5 using a Mahnomen County vehicle.

23. Mr. Large stopped two Central Specialties trucks and refused to remove his roadblock until Minnesota State Patrol arrived on the scene.

24. Mr. Large called law enforcement, who were only told that the trucks had been "stopped by the county." It was not until later that the Minnesota State Patrol learned that the trucks had been stopped by the county engineer, not by a law enforcement officer.

25. The Central Specialties trucks were detained by Mr. Large for more than three hours.

26. While Central Specialties' trucks were detained by Mr. Large, Mr. Large continued to direct county employees to change more truck weight limitation signs, including signs for adjoining sections of Mahnomen County Highway 5.

27. Mr. Large also stated that he was also considering similarly changing signs on Mahnomen County Highway 10 north of Highway 5, which he knew Central Specialties was using as a haul route.

28. While Central Specialties' trucks were detained by Mr. Large, other large trucks passed by without being stopped.

29. In addition to the physical roadblock, Central Specialties, as a general contractor, believed it had little choice but to submit to Mr. Large's traffic stop because of Mr. Large's supervisory and policy-making authority with respect to much of the construction work in Mahnomen County.

30. Ultimately, Central Specialties' drivers did not receive citations because the Minnesota State Patrol determined that the trucks had been illegally stopped and detained by Mr. Large.

31. Mr. Large's unconstitutional seizure of Central Specialties' trucks caused harm to Central Specialties because it delayed its work.

32. Mr. Large is not entitled to qualified immunity. His authority as the County Highway Engineer does not include the power or discretion to conduct traffic stops. Mr. Large knew or should have known that, because he was not a law enforcement officer, it was unlawful for him to conduct a traffic stop. In light of well-established law, Mr. Large's actions were objectively unreasonable.

33. Mr. Large is further not entitled to qualified immunity because his actions were intentional and malicious. Mr. Large ordered the change in posted weight limits solely to prevent use of the road by Central Specialties. And, he only stopped Central Specialties' trucks while permitting other trucks of similar size to pass.

34. Because of Mr. Large's actions, Central Specialties was forced to reroute its trucks for the duration of their ongoing construction project, causing project delays and additional costs.

## CAUSES OF ACTION

### Count I

### Deprivation of Rights Under the Fourth and Fourteenth Amendments and 42 U.S.C. § 1983

35. Plaintiff incorporates all preceding paragraphs as if fully restated herein.

36. Plaintiff brings this action against Mr. Large in his individual capacity and against the County under a vicarious liability theory.

37. Mr. Large, in violation of Plaintiff's Fourth and Fourteenth Amendment rights, seized Plaintiff's vehicles and equipment, and detained its employees, by conducting an illegal and unreasonable traffic stop.

38. Mr. Large acted under color of state law. By using a marked Mahnomen County vehicle to illegally stop two Central Specialties trucks, Mr. Large misused power he possessed by virtue of state law. Mr. Large's misuse of power was made possible only because he was clothed with the authority of state law.

39. Mr. Large intentionally and maliciously abused his governmental authority by using a Mahnomen County vehicle to conduct an unauthorized traffic stop of Plaintiff's vehicles. Such actions unreasonably deprived Plaintiff of its Fourth and Fourteenth Amendment rights in violation of 42 U.S.C. § 1983. Mr. Large's wanton and oppressive actions represented a reckless and/or callous indifference to the constitutional rights of Plaintiff.

7

40. Because Mr. Large was not a law enforcement officer at the time he conducted the traffic stop, Mr. Large's seizure of Plaintiff's vehicles and employees was per se unreasonable in violation of Plaintiff's Fourth and Fourteenth Amendment Rights.

41. As a direct and proximate result of the foregoing, Plaintiff was damaged, including but not limited to project delays and related costs, as well as additional fuel and employee salary costs.

42. The County, as Mr. Large's employer, is also liable for the damages resulting from Mr. Large's actions.

## Count II

## Trespass to Chattels

43. Plaintiff incorporates all preceding paragraphs as if fully restated herein.

44. On July 18, 2017, Plaintiff was in possession of two trucks traveling northbound on Mahnomen County Highway 10.

45. Mr. Large intentionally blocked the road and prevented those trucks from continuing until law enforcement eventually arrived and allowed the trucks to depart.

46. Mr. Large's's actions deprived Plaintiff of the use of its trucks for more than three hours.

47. As a result of Mr. Large's's actions, Plaintiff suffered damages, including but not limited to costs of employee salaries and work delays.

48. As Mr. Large's employer, the County is also liable for the damages resulting from Mr. Large's actions.

## Count III

## Tortious Interference with Contract

49. Plaintiff incorporates all preceding paragraphs as if fully restated herein.

50. As of July 18, 2017, Plaintiff was engaged in a contractual relationship with MnDOT for roadwork on State Highway 59. The contract required constant use of Plaintiffs trucks for hauling excavation, base, millings and bituminous mix. Mahnomen County Highways 10, 6 & 5 were the most efficient and cost-effective route for Plaintiff to use in the performance of its contract.

51. Mr. Large had knowledge of Plaintiff's ongoing contract requiring its use of Mahnomen County Highway 10, 6 & 5 or had knowledge of facts which, if pursued by reasonable inquiry, would have disclosed such relations.

52. Mr. Large intentionally and improperly prevented Plaintiff from using Mahnomen County Highway 10 in the performance of its contract with MnDOT by maliciously changing the highway weight limit signs and stopping Plaintiff's trucks that were using the route.

53. Mr. Large's's actions caused Plaintiff's performance under its contract with MnDOT to be more expensive and burdensome, causing Plaintiff to

9

incur damages in the form of project delays and related costs, as well as additional fuel and employee salary costs.

54. The County, as Mr. Large's employer, is also liable for the damages resulting from Mr. Large's actions.

**WHEREFORE**, Plaintiff requests the following relief against Mr. Large and Mahnomen County:

a. Judgment in its favor against Defendants pursuant to 42 U.S.C. § 1983;

b. Compensatory damages in an amount to be determined by a jury;

c. Punitive damages in an amount to be determined by a jury;

d. Costs and attorneys' fees pursuant to 42 U.S.C. § 1988; and

e. Such other and further relief the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury of any and all issues in this action so triable.

Dated: May 29, 2018						Respectfully submitted,

**FABYANSKE, WESTRA, HART & THOMSON, P.A.**

By: 	*/s/ Jeffrey A. Wieland*
Kyle E. Hart (MN 159025)
Jeffrey A. Wieland (MN 387918)
333 South Seventh Street, Suite 2600
Minneapolis, MN 55402
(612) 359-7600 (P)
(612) 359-7602 (F)
khart@fwhtlaw.com
jwieland@fwhtlaw.com

*Attorneys for Plaintiff*