UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Central Specialties, Inc.,

    Plaintiff,

v.

Jonathan Large and Mahnomen County,

    Defendants.

MEMORANDUM OPINION
AND ORDER

Case No. 17-cv-5276 (MJD/LIB)

---

    Kyle E. Hart and Jeffrey A. Wieland, Fabyanske, Westra, Hart & Thomson, P.A., Counsel for Plaintiff.

    Michael T. Rengel, Pemberton, Sorlie, Rufer & Kershner, PLLP, Counsel for Defendants.

---

This matter is before the Court on Defendants' motion to dismiss for failure to state a claim, qualified immunity and/or lack of subject matter jurisdiction.

I.     **Allegations in Amended Complaint**

Plaintiff Central Specialties, Inc. ("CSI") is a Minnesota corporation doing business as a general contracting construction company. (Amended Complaint ¶ 6.) In July 2017, CSI had a contract with the Minnesota Department of Transportation ("MnDOT") for road work on State Highway 59 in Mahnomen

County. (Id. ¶ 9.) The contract required CSI to use its trucks to haul construction material, and that Mahnomen County Highways 10, 6 and 5 were the routes CSI used to perform its contract. (Id.)

CSI contacted Defendant Jonathan Large, the Highway Engineer for Mahnomen County, to express the company's interest in utilizing a recently reconstructed portion of Highway 10, south of Highway 5, as a route for CSI trucks. (Id. ¶ 10.) Throughout the spring and early summer of 2017, that portion of Highway 10 was posted as open to trucks up to 5-ton per axle weight. (Id. ¶ 11.) Although the road was open to the public, CSI contacted Large to avoid any potential conflict their usage may have with ongoing construction work. (Id. ¶ 12.)

Large informed CSI it was his preference that CSI not use that portion of Highway 10 during times at which the Knife River Corporation was actively performing construction work on the road. (Id. ¶ 13.) CSI responded on Friday, July 14, 2017, indicating it would begin sending its trucks on the route the following Monday. (Id. ¶ 14.) In response, Large told CSI it should not use Highway 10 that Monday because Knife River would be performing shoulder work that day. (Id. ¶ 15.)

On Monday afternoon, July 17, 2017, after discovering that no construction was actively being performed and being assured by Knife River that no further construction was planned until Friday, CSI started routing its empty trucks along that portion of Highway 10. (Id. ¶ 16.) The road was open to the public and CSI met the posted weight restriction. (Id. ¶ 17.)

On Tuesday, July 18, 2017, CSI again used Highway 10 for its empty trucks. (Id. ¶ 19.) That same day, after learning that CSI was using Highway 10, Large and/or Mahnomen County employees under his direction, began changing signs on that road which posted a new and lower weight restriction – from 5-ton per axle to 5-ton total weight. (Id. ¶ 21.) When CSI continued to use Highway 10 after the new weight restriction was posted, Large created a roadblock on northbound Highway 10, south of Highway 5 using a Mahnomen County vehicle. (Id. ¶ 22.) Large stopped two CSI trucks and refused to remove his roadblock until Minnesota State Troopers arrived on the scene. (Id. ¶ 23.) The CSI trucks were detained by Large for over three hours. (Id. ¶ 25.) While CSI trucks were detained, other large trucks passed by without being stopped. (Id. ¶ 28.)

CSI believed it had little choice but to submit to Large's traffic stop because of the road block and because of Large's supervisory and policy-making authority with respect to much of the construction work in Mahnomen County. (Id. ¶ 29.) The CSI trucks were released after the State Patrol determined that the trucks had been stopped illegally. (Id. ¶ 30.) CSI alleges the unconstitutional seizure of the CSI trucks caused harm to CSI by delaying its work. (Id. ¶ 31.)

CSI alleges that Defendants deprived it of its rights under the Fourth and Fourteenth Amendments (Count I – Violation of 42 U.S.C. § 1983). CSI further alleges that by blocking the road and preventing its trucks from leaving, Large deprived CSI of the use of its trucks. As Large's employer, the County is liable for the damages resulting in Large's actions. (Count II – Trespass to Chattels). Finally, CSI alleges that Large's actions caused CSI's performance under its contract with MnDOT to be more expensive and burdensome, causing CSI to incur damages in the form of project delays and related costs, additional fuel and employee salary costs (Count III – Tortious Interference with Contract).

CSI alleges that Large is not entitled to qualified immunity because his authority as the County Highway Engineer does not include the power or discretion to conduct traffic stops. (Id. ¶ 32.) Large knew or should have known

4

that because he was not a law enforcement officer, it was unlawful to conduct a traffic stop. (Id.) Further, CSI alleges that Large is not entitled to qualified immunity because his actions were intentional and malicious. (Id. ¶ 33.) Because of Large's actions, CSI was forced to reroute its trucks for the duration of their ongoing construction project, causing project delays and additional costs. (Id. ¶ 34.)

## II. Standard of Review

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a party may move the Court to dismiss a claim if, on the pleadings, a party has failed to state a claim upon which relief may be granted. In reviewing a motion to dismiss, the Court takes all facts alleged in the complaint to be true. Zutz v. Nelson, 601 F.3d 842, 848 (8th Cir. 2010).

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. Thus, although a complaint need not include detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.

Id. (citations omitted).

In support of their motion, Defendants have submitted two affidavits from Defendant Large, one of which has as an exhibit a copy of an email chain.

Because the motion before it is one under Rule 12(b)(6), the Large affidavits and the exhibit will not be considered as they are outside of the pleadings.

III.  **Count I – Section 1983**

"The essential elements of a 1983 claim are (1) that the defendant(s) acted under color of state law, and (2) that the alleged wrongful conduct deprived the plaintiff of a constitutionally protected federal right." Schmidt v. City of Bella Villa, 557 F.3d 564, 571 (8th Cir. 2009).

A.  **Fourth Amendment Violation**

CSI claims that Defendants seized its trucks in violation its Fourth Amendment rights when Large, acting under color of law, created a roadblock on Highway 10 with his County vehicle and causing two CSI trucks to pull off the road and be detained for more than three hours.

A seizure occurs, "when there is some meaningful interference with an individual's possessory interests in that property." United States v. Jacobsen, 466 U.S. 109, 113 (1984). To be lawful, the seizure must be reasonable; that is based on "individualized suspicion of wrongdoing." City of Indianapolis v. Edmond, 531 U.S. 32, 37 (2000). Further, an unreasonable seizure occurs "only when the

officer, by means of physical force or show of authority, has in some way restrained the liberty of a citizen." Terry v. Ohio, 392 U.S. 1, 19 n. 16 (1968); see also California v. Hodari D., 499 U.S. 621, 627 (1991) (finding that an arrest requires either a show of force or submission to the assertion of authority); United States v. Mendenhall, 446 U.S. 544, 554 (1980) ("As long as the person to whom questions are put remains free to disregard the questions and walk away, there has been no intrusion upon that person's liberty or privacy as would under the Constitution require some particularized an objective justification.").

CSI asserts the three-hour detention was a meaningful interference with its right to use its trucks, and that such seizure was not reasonable because it is not clear that holding the trucks for over three hours was necessary for road safety or that Large had the authority to do so. CSI further alleges that Large acted maliciously, because only CSI trucks were detained on the day in question while other similar trucks were allowed to use Highway 10.

Defendants argue that assuming Large made a showing of force or authority such that it rose to the level of placing a restraint on the liberty of CSI trucks, such seizure was reasonable under the circumstances. They argue that Minnesota law authorizes a momentary re-direction or cessation of traffic flow

when safety concerns call for such action.  See Minn. Stat. § 169.06, subdiv. 4a (authorizing flaggers, or other traffic control mechanisms to command automobiles to stop until it is deemed safe to proceed).  Such action – even if it constitutes a seizure - is reasonable under the circumstances.  This is true in this case, where the plaintiff is a corporation and is not necessarily entitled to operate on any road it chooses.  See, e.g., Minn. Stat. § 161.25 (authorizing the state commissioner to designate a haul road or temporary highway while roadwork continues); Minn. Stat. § 160.08, subdiv. 3 (authorizing road authorities to design a controlled -access highway to regulate, restrict or prohibit access to the same).

Defendants further argue it was contemplated by legislatures across the country that roadway safety and maintenance require small sacrifices to individual liberty.  Large had a duty to maintain the roads under his jurisdiction and to ensure that traffic operating on them may do so safely and without undue damage to the roads themselves.  Large subjectively and reasonably believed CSI was operating on Highway 10 wrongfully and unlawfully and asked through hand gestures to stop the trucks, and the drivers complied.  Thus, as a matter of law, the brief seizure of the CSI trucks was reasonable.

The Court finds that CSI has pleaded sufficient facts which plausibly state a claim of unlawful seizure in violation of the Fourth Amendment. CSI has alleged that Large targeted the CSI trucks, forced them to pull over by show of authority, and thereafter detained the CSI trucks for over three hours without the legal authority to do so. Accepting these facts as true, CSI has not described a traffic flagging operation that involved the momentary redirection or cessation of traffic. Accordingly, the Court will deny the motion to dismiss CSI's claim under the Fourth Amendment.

### B. Fourteenth Amendment Violation

CSI alleges that Defendants violated its rights under the Fourteenth Amendment by 1) depriving it of its liberty and property by detaining two of its trucks for over three hours; 2) depriving it of equal protection of the laws by selectively changing its road weight limits to damage CSI and then selectively enforcing those weight limits only against CSI; and 3) failing to give appropriate notice of the change in the road weight restrictions, and then depriving it of its liberty and property by detaining its trucks for over three hours.

### 1. Substantive Due Process Violation

The Fourteenth Amendment guarantees that the government shall not "deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV § 1. "'The touchstone of due process is protection of the individual against arbitrary action of government' whether the fault lies in a denial of fundamental procedural fairness or in the exercise of power without any reasonable justification in the service of a legitimate government objective." County of Sacramento v. Lewis, 523 U.S. 833, 845 (1998) (internal citations omitted). Cases dealing with abusive executive action require a showing of the most egregious official conduct; conduct that can be "characterized as arbitrary or conscience shocking, in a constitutional sense." Id. at 847.

Defendants argue it is unclear whether CSI is asserting a substantive due process claim. If so, CSI has failed to allege that Large engaged in conduct that shocks the conscience. The Court agrees.

Thus, to the extent CSI asserts its substantive due process rights were violated when its trucks were detained for three hours, such claim must be dismissed as it does not describe conduct that shocks the conscience.

## 2. Procedural Due Process

"Procedural due process imposes constraints on governmental decisions which deprive individuals of 'liberty' or 'property' interests within the meaning of the Due Process Clause of the Fifth or Fourteenth Amendment." <u>Mathews v. Eldridge</u>, 424 U.S. 319, 332 (1976). These types of claims are examined under a two-part test: "whether there exists a liberty or property interest which has been interfered with by the government"; and "whether the procedures attendant upon that deprivation were constitutionally sufficient." <u>Kentucky Dept. of Corrections v. Thompson</u>, 490 U.S. 454, 460 (1989). "An essential principle of due process is that a deprivation of life, liberty, or property 'be preceded by notice and opportunity or hearing appropriate to the nature of the case." <u>Cleveland Bd. of Educ. v. Loudermill</u>, 470 U.S. 532, 542 (1985).

CSI claims that it had no notice that the weight restrictions had been changed on Highway 10 before being deprived of its rights to use its trucks for allegedly violating the new weight restrictions. While Defendants claim that there was no deprivation of rights in this case, or that CSI cannot establish that a hearing or other type of process was due prior to the deprivation, the Court finds

that based solely on the allegations in the Amended Complaint, CSI has sufficiently stated a claim of violation of procedural due process.

### 3. Equal Protection Violation

> The Equal Protection Clause requires that the government treat all similarly situated people alike. The Supreme Court recognizes an equal protection claim for discrimination against a class of one. The purpose of a class-of-one claim is to secure every person within the State's jurisdiction against intentional and arbitrary discrimination, whether occasioned by express terms of a statute or by its improper execution through duly constituted agents. It is recognized law that a class-of-one claimant may prevail by showing she has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment.

Barstad v. Murray County, 420 F.3d 880, 884 (8th Cir. 2005) (citations omitted).

CSI alleges it was deprived of equal protection of the laws when Defendants selectively changed the road weight limits to damage CSI and then selectively enforced those weight limit changes only against CSI.

Defendants argue that this claim should be dismissed because the weight restrictions on the road applied to all travelers equally, and that to the extent other trucks were allowed to pass, Defendants note that Large was the only one at the road and was unable to stop other vehicles.

For purposes of a motion to dismiss under Rule 12(b)(6), the Court finds CSI has sufficiently pleaded a claim under the Equal Protection Clause.

C.   **Qualified Immunity**

A government official that is sued under Section 1983 in his individual capacity may raise the defense of qualified immunity.  Sisney v. Reisch, 674 F.3d 839, 844 (8th Cir. 2012).  "Qualified immunity protects government officials from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Id. (citations omitted).

To determine whether Large is entitled to qualified immunity, the Court must conduct the following inquiry: "(1) whether the facts that a plaintiff has alleged ... make out a violation of a constitutional right and (2) whether the constitutional right violated was clearly established at the time of defendant's alleged misconduct." Id.

Dismissal based on qualified immunity "will be upheld on a 12(b)(6) motion only when the immunity is established on the face of the complaint." Hafley v. Lohman, 90 F.3d 264, 266 (8th Cir. 1996) (quoting Weaver v. Clark, 45 F.3d 1253, 1255 (8th Cir. 1995)).  "Dismissal is inappropriate 'unless it appears

beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitled him to relief.'" Id. (internal citation omitted).

At this time, the Court finds that Defendants have failed to demonstrate beyond doubt that CSI can prove no set of facts in support of its claims under the Fourth and Fourteenth Amendments. This issue is best addressed at summary judgment in this case.

### D. Remand State Law Claims

Because the Court will not dismiss the § 1983 claims at this time, the Court will continue to exercise supplemental jurisdiction over the remaining state law claims.

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss [Doc. No. 37] is **GRANTED** in part and **DENIED** in part as follows: to the extent Plaintiff asserts a substantive due process claim, such claim is dismissed; the motion is denied as to all remaining claims**.**

Date: November 7, 2018        s/ Michael J. Davis  
       Michael J. Davis  
       United States District Court